OPINION OF THE COURT
Seymour Schwartz, J.
Plaintiff, Leslee Travel, Inc. (Leslee), originally moved to confirm an ex parte order of attachment issued against defendant, American Coupon Exchange, Inc. (ACE), which was previously granted on the grounds that ACE was a foreign corporation not authorized to do business in New York. ACE cross-moves pursuant to CPLR 6212 (e) to vacate the order of attachment and for an inquest on damages. At oral argument Leslee consented to vacate the attachment.
The ex parte application for an order of attachment was *902 submitted by Leslee on December 4, 1987 and was signed on December 23, 1987. Meanwhile, on December 15, 1987, ACE obtained authorization to do business in New York. ACE did not notify Leslee it had obtained authorization to do business prior to execution of the attachment on its bank account.
CPLR 6212 (e) provides that plaintiff shall be liable for all costs and damages "if the defendant recovers judgment, or if it is finally decided that the plaintiff was not entitled to an attachment of the defendant’s property.”
Here attachment was clearly warranted when the ex parte order was applied for. When ACE obtained authorization to do business that ground fell.
The issue is whether Leslee is liable under CPLR 6212 (e) when ACE’s certificate to do business was obtained in the 19-day interval between the submission of the ex parte order and its approval by the court. To sustain such a holding, Leslee’s attorney would be obligated to check with the Secretary of State each day to discover if there were a change in ACE’s status which would undermine the basis for the attachment. Such a burden is patently unreasonable. Quite apart, if the court had signed the ex parte order between December 4 and December 14 — a 10-day period — this issue would not even arise. CPLR 6212 (e) is not meant to cover the situation where the ex parte application is proper and its signing is not within Leslee’s control. Vacatur of attachment for a "technical reason”, other than that plaintiff was not entitled to attachment, does not give rise to liability for damages under the statute. (McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C6212:3, at 71-72.)
The cross motion is denied.